**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **AIDA VELEZ** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. |
| | ) | |
| **SPECIFIED CREDIT** | ) | |
| **ASSOCIATION 1, INC.** | ) | |
| | ) | |
| And | ) | |
| | ) | |
| **ALEX VARADY** | ) | |
| | ) | |
| Serve Both Defendants at: | ) | |
| Alex Varady, Registered Agent | ) | |
| 2388 Schuetz Drive, Suite A-100 | ) | |
| St. Louis, Missouri 63146 | ) | |
| | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW, Plaintiff, Aida Velez ("Plaintiff"), and for her Complaint states as follows:

## INTRODUCTION

1.      This is an action for statutory and actual damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2.      Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction of the FDCPA claims under 15 USC 1692k(d).  Venue is appropriate in this Court because Defendants directed their illicit conduct at Plaintiff in St. Charles County, Missouri; St. Charles County is within this judicial district.

## PARTIES

4.     Plaintiff is a natural person currently residing in St. Charles County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA.  The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.  To the best of Plaintiff's knowledge, the alleged debt arises from loan services.

5.     Defendant Specified Credit Association 1, Inc. ("Specified") is a domestic corporation with its principal place of business in Maryland Heights, Missouri.  The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

6.     Defendant Alex Varady ("Varady") is, upon information and belief, the manager and director of Defendant Specified who is responsible for setting, implementing, and controlling Specified's collection efforts and strategy against Plaintiff outlined below.

7.     Defendants are engaged in the collection of debts from consumers using the mail and telephone.  Defendants are "debt collectors" as defined by the FDCPA. *15 USC § 1692a(6)*.

## FACTS

8.     Defendants' collection activity of which Plaintiff complains occurred within the previous twelve (12) months, and Defendants' efforts continue to the time of this Petition.

9.     Defendants' collection efforts consisted of telephone calls and messages for Plaintiff, and telephone calls made to third parties regarding the alleged debt.

10.     Defendants received Plaintiff's account on November 19, 2014 and began calling Plaintiff's friends the very next day – even though Defendants were in possession of Plaintiff's phone number and address and had no reason to contact any third parties.

11.     Specifically, in mid-November of 2014 Defendants left a message for Plaintiff on Plaintiff's friend's voicemail that said, "…I am calling you in reference to Aida Velez….Please have her call me as soon as possible.  She can reach me at 314-209-1566, extension 206.  Please let her know it is very important that she do [sic] contact me."

12.     To the best of Plaintiff's understanding, Defendants contacted multiple of her friends either via voicemail or in person.

13.     Plaintiff never gave Defendants consent to communicate about the debt with her friends.

14.     Defendants' tactic of calling Plaintiff's friends regarding the alleged debt was solely meant to pressure her into paying immediately rather than for a valid search for contact information.

15.     Defendants' contact with Plaintiff's friends caused her tremendous embarrassment.

16.     Defendants also left cryptic and confusing messages on Plaintiff's voicemail.

17.     For instance, Defendants called Plaintiff and left a cryptic and confusing message that said, "Hey, Aida.  My name is Stephanie.  I need a return call from you as soon as possible.  314-209-1566, extension 206."

18.     Defendants know better than to engage in such tactics; they have been sued before by other consumers over the same illicit voice message, and Defendants have not prevailed in those suits.

19.     At no time in its any of the voice messages did Defendants identify their company name, that they were debt collectors, or that they were attempting to collect a debt.

20.     Plaintiff had no idea who was calling her phone and why.

21.     Plaintiff called Defendants on November 20, 2014 to investigate the reason behind the cryptic messages left for Plaintiff and Plaintiff's close friends regarding the alleged debt.

22.     Defendants' collector immediately admitted to contacting third parties as part of the collection activity against Plaintiff.

23.     During the phone call, Defendant also asked Plaintiff to pay the alleged debt in full that very day – before Plaintiff had even received a collection letter and well within Plaintiff's statutory dispute period as set forth in 15 U.S.C. 1692g.

24.     Plaintiff told Defendants' collector she would not be able to pay in that timeframe, and Plaintiff then told Defendants' collector that she was represented by counsel on the subject debt.  Plaintiff provided her attorneys' name and telephone number.

25.     Immediately thereafter, Defendants' collector attempted to intimidate and confuse Plaintiff by asking her about her legal plans and her purpose for hiring an attorney.

26.     A few days after the November 2014 call, Plaintiff received a collection letter from Defendant.

27.     The letter demanded payment in full from Plaintiff within seven days.

28.     Plaintiff's 15 U.S.C. § 1692g rights were undeniably in effect throughout the events of this Petition.

29.     Defendant's payment demands in the November 2014 phone call with Plaintiff, the phone calls to Plaintiff's friends, and the collection letter all overshadowed Plaintiff's dispute, validation, and verification rights as provided in 15 U.S.C. § 1692g.

30.     Defendant's above-described conduct caused Plaintiff to believe that she could not exercise her dispute rights or that such an exercise would not be honored.

31.     Plaintiff never agreed to arbitrate any disputes with Defendant.

32.     Defendant's conduct has caused Plaintiff to suffer actual damages including but not limited to anxiety, embarrassment, and worry.

## COUNT I: VIOLATIONS OF THE FDCPA

33.      Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

34.      In its attempt to collect the alleged debts from Plaintiff, Defendant has committed violations of the FDCPA, *15 U.S.C. 1692 et. seq.*, including, but not limited to, the following:

a.     Using unfair, deceptive and misleading means to attempt to collect an alleged debt.  15 U.S.C. § 1692d-f;

b.     Overshadowing Plaintiff's dispute, validation, and verification rights.  15 U.S.C. § 1692g;

c.     Failing to identify its company name, that it was a debt collector, or that it was attempting to collect a debt in communications with a consumer.  15 U.S.C. § 1692d-f;

d.     Communicating with a third party, in connection with the alleged debt, without the prior consent of Plaintiff.  15 U.S.C. § 1692c-d; and

e.     Engaging in deceptive and harassing conduct in the collection of a debt, 15 U.S.C. § 1692d-f.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant and in favor of Plaintiff for:

A.     Judgment that Defendant's conduct violated the FDCPA;

B.     Actual damages;

C.     Statutory damages, costs, and reasonable attorney's fees pursuant to 15 USC §

1692(k); and

D.     For such other relief as the Court may deem just and proper.


**VOYTAS & COMPANY**


/s/ Richard A. Voytas

_____
RICHARD A. VOYTAS, JR. #52046
VOYTAS & COMPANY
1 North Taylor Avenue
St. Louis, Missouri 63108
Phone: (314) 932-1068